BARFIELD, Judge.
The City of Jacksonville appeals from a judgment in favor of W.R. Fairchild Construction Co. and Caddell Construction Co. contending the trial court erred in construing the contract between the parties to be ambiguous and awarding damages to ap-pellees. We agree with appellant and reverse.
*1011 The contract between the parties provided for excavation of the ground and laying of ductile iron pipe. Part of Caddell’s contract called for driving steel sheeting on both sides of the excavation to prevent cave-ins and damage to adjacent property, and for the safety of the workers. How Caddell is to be paid for driving and pulling this sheeting is the issue before the court.
Caddell contends it is entitled to payment for driving and pulling the sheeting on a per unit basis separate from the installation price for the iron pipe. The City contends that the contract between the parties called for the driving and pulling of the sheeting to be included in the installation price of the pipe. Caddell says the contract is ambiguous. The City says it is not.
The trial court ruled as a matter of law “that the contract is ambiguous and unclear with respect to certain portions of the work performed by Caddell Construction Co. on the job.” No explanation is given identifying the ambiguous provisions of the contract or why the court found ambiguity. The parties have identified sections 428.15.-1(e), 428.15.2(a), 428.15.2(g) and 428.15.2(h) of the standard specifications and items 79, 80, 81 and 93 of the bid proposal as the provisions of contract about which they have a dispute.
Items 79-81 of the bid proposal set forth the unit price for 36", 24" and 18" ductile iron pipe. Item 93 provides the unit price for “500 S.F. Steel Sheeting Left in Place.” Section 428.15.1(e) provides that “[i]n the event that steel sheeting is listed as a separate item of work in the Contract Proposal, it will be measured for payment from pipe invert to designated cut-off elevation.” Section 428.15.2(a) provides that payment for sewers would be at the applicable unit prices stated in the contract, and that those unit prices constituted full compensation for sheeting “driven and pulled.” Section 428.15.2(g) provides that “[pjayment for steel sheeting driven and left in place when authorized by the Engineer or called for on the Contract Drawings and Documents, shall be made at the applicable unit price per square foot as set forth in the Con-tract_” Section 428.15.2(h) provides that “[n]o payment shall be made for sheeting driven and pulled, all depths, —[t]he cost therefore shall be merged with the cost of the items to which the sheeting is incidental or appurtenant.”
All steel sheeting on the project applicable to installation of iron ductile pipe was driven and pulled. The contract drawings and documents showed no steel sheeting to be left in place. The engineer did not authorize any steel sheeting to be left in place. The contract is not ambiguous as it provides, under these circumstances, that the cost of the steel sheeting, all of which was driven and pulled, was merged with the costs of items 79-81. We reject that argument of Caddell that steel sheeting is a separate item of work in the contract proposal and therefore separately payable. Only steel sheeting left in place is a separate. item, listed as item 93, which would have been payable had any steel sheeting been left in place.
It appears that the ambiguity perceived by the trial court may have been created by the experts who testified that in their experience in similar contracts the items would be listed differently, such as designating item 93 as a “contingency,” thereby confusing the plain language of the contract with parol evidence. When we read the contract in its entirety and integrate the numerous provision to give effect to each provision, we find, as the City contends, that there is no ambiguity. The issue should not have reached the experts.
REVERSED.
SHIVERS, C.J., and ZEHMER, J., concur.